**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| MCKENZIE FISHERIES, INC.,<br><br>　　　　Plaintiff,<br>　vs.<br><br>WILD ALASKA, INC., ERIC BERGLUND and ALICIA BERGLUND,<br><br>　　　　Defendants.<br>_____<br>WILD ALASKA, INC., ERIC BERGLUND and ALICIA BERGLUND,<br><br>　　　　Third-Party Plaintiffs,<br>　vs.<br><br>CHARLES GRINNELL,<br><br>　　　　Third-Party Defendant. | Case No. 3:09-cv-00047-TMB-JDR<br><br>**<u>ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STRIKING PLAINTIFF'S NOTICES OF DEPOSITION [56] and GRANTING MOTION FOR EXTENSION OF DISCOVERY [60]</u>**<br><br>Dockets 56 & 60 |

　　　　The Defendants and Third-Party Plaintiffs, Eric and Alicia Berglund filed

a *Motion for a Protective Order Striking Plaintiff's Notices of Deposition* (Docket 56)

and a Motion for Extension of Discovery (Docket 60). Neither the Plaintiff, McKenzie Fisheries, nor the Third-Party Defendant, Charles Grinnell filed any responses to the instant motions.

The discovery cut-off date in this matter was previously extended to April 7, 2011. The Berglunds filed both of their motions on April 7, 2011.

On March 29, 2011, Plaintiff noticed the depositions for Mr. and Mrs. Berglund were to take place on April 7, 2011 in Anchorage, Alaska. The Berglunds live in Utah and Mr. Berglund works out of state on vessels in the Gulf of Mexico and the Bahamas. In response to the notice, the Berglunds filed the motions at Dockets 56 and 60.[1]

The Berglunds filed affidavits stating that travel to Alaska would impose a substantial financial hardship on them. They cite Federal Rule of Civil Procedure 26(c) and several cases in support of their motion for a protective order. The Plaintiffs and the Third-Party Defendant were silent on the issue. The court finds that requiring the Berglunds to travel to Alaska for depositions would impose a substantial hardship, warranting the requested protective order. Therefore, the Motion at Docket 56 is HEREBY GRANTED.

---

[1] The Court issued a Text Order at Docket 62 noting that the Berglunds failed to file their motions on shortened time.

09-cv-047-TMB-JDR Order @ 56 & 60 Granting Defendants' Motions for Protective Order and Extension of Discovery Cut Off D.wpd    2

Case 3:09-cv-00047-TMB   Document 64   Filed 06/01/11   Page 2 of 3

The Berglunds' second motion, at Docket 60, requests a 60 day extension of the discovery cut-off date. While the other parties did not file a response, counsel for Plaintiff indicated he would not oppose the motion.[2] Given the availability of the Defendants/Third-Party Plaintiffs and the need to have a full opportunity to complete discovery, the motion is HEREBY GRANTED. The discovery cut-off date is hereby extended for 60 days from the date of this order, or until July 30, 2011. Given that this is the second request for an extension, further requests are not likely to be granted.

The parties are ordered to confer regarding depositions and schedule the Berglunds' depositions in accordance with this order. If scheduling of depositions is logistically difficult, the parties are encouraged to consider audio-visual depositions as described in Local Rule 30.1.

IT IS SO ORDERED.

DATED this  1st  day of June, 2011, at Anchorage, Alaska.

                                          /s/ John D. Roberts
                                          JOHN D. ROBERTS
                                          United States Magistrate Judge

---

[2] *See* Docket 60, p. 3.

09-cv-047-TMB-JDR Order @ 56 & 60 Granting Defendants' Motions for Protective Order and Extension of Discovery Cut Off D.wpd    3

Case 3:09-cv-00047-TMB   Document 64   Filed 06/01/11   Page 3 of 3